# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

AMERICAN AUTOMOBILE
ASSOCIATION (INCORPORATED),

    Plaintiff,

v.                                          Case No: 8:14-cv-738-T-30AEP

FRANK LOSURDO,

    Defendant.

_____

## DEFAULT FINAL JUDGMENT AND PERMANENT INJUNCTION

THIS CAUSE comes before the Court upon Plaintiff's Motion for Entry of Default Final Judgment and Permanent Injunction and for an Award of Attorney's Fees and Costs (Dkt. #9). Upon review and consideration, it is

ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Entry of Default Final Judgment and Permanent Injunction and for an Award of Attorney's Fees and Costs (Dkt. #9) is GRANTED.

2. The Court concludes that the well-pled allegations of the complaint that are deemed admitted due to Defendant's default in this matter establish that Plaintiff American Automobile Association (Incorporated) ("AAA") is entitled to a Default Final Judgment and Permanent Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure against Defendant Frank Losurdo, and any person acting on Losurdo's behalf.

Accordingly, Losurdo, and any person acting on his behalf shall within thirty (30) days of their receipt of this Order:

      A.    Permanently cease the use of the designation "AAA" or any other name or mark confusingly similar to "AAA," either alone or in combination with other words or symbols, as a part of any trademark, service mark, trade name, business name, corporate name, assumed name, or in any other manner in connection with any automobile related business or service;

      B.    Remove any and all advertisements, directory listings, internet websites, internet listings, internet postings, or other public postings containing or referencing the designation "AAA" in holding out to the public any automobile related business or service;

      C.    Permanently cease the use of any vehicle, equipment, clothing, uniforms, stationary, letterhead, envelopes, invoices, business cards, or other items of any kind containing the designation "AAA" in any manner that is visible to the public in connection with any automobile related business or service;

      D.    Permanently cease the use or display of any signage containing the designation "AAA", including, but not limited to, architectural signs, street signs, billboards, monumental signs, site signs, banners, point-of-purchase signs, storefront signs, window decals, illuminated signs, yard signs, and display boards; and

      E.    Take all necessary action to cancel or withdraw Losurdo's fictitious name registration with the Florida Secretary of State for the fictitious name "AAA Auto Care."

3. The Court concludes that AAA is entitled to a reasonable amount of attorney's fees due to the willfulness of Losurdo's infringement of the AAA Mark. The Court reserves jurisdiction on the amount of fees. Any motion for attorney's fees and costs shall be filed within fourteen (14) days of this Order and shall include a detailed description of the attorney time spent on this case.

4. The Clerk is directed to enter a final judgment in favor of Plaintiff and against Defendant and thereafter shall close this case.

5. The Court retains jurisdiction over this action for purposes of enforcing the provisions of the Permanent Injunction for a period not to exceed six (6) months from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 14th day of May, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2014\14-cv-738 default FJ 9.docx

3