## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

AMERICAN AUTOMOBILE
ASSOCIATION (INCORPORATED),

      Plaintiff,

v.                                   Case No: 8:14-cv-738-T-30AEP

FRANK LOSURDO,

      Defendant.

_____

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Attorney's Fees and Costs (Dkt. #16). Upon review and consideration, Plaintiff's motion is granted in part and denied in part.

## BACKGROUND

On May 14, 2014, the Court entered a Default Final Judgment and Permanent Injunction in favor of Plaintiff American Automobile Association ("AAA") and against Defendant Frank Losurdo (Dkt. #10). The Court concluded that AAA was entitled to a reasonable amount of attorney's fees due to the willfulness of Losurdo's infringement of the AAA Mark. *See id.* The Court reserved jurisdiction on the amount of fees.

AAA's motion for attorney's fees and costs seeks attorney's fees in the amount of $11,837.50 for 34.6 hours. The motion also seeks costs in the amount of $400.00. AAA's motion relies on the Declarations of Michael P. McMahon and Ava K. Doppelt to support the reasonableness of the attorneys' hourly rates and the amount of hours spent on this action. McMahon's Declaration attaches the relevant time entries.

## DISCUSSION

### I.      Costs

AAA seeks costs in the amount of $400.00 associated with the filing fee.  This cost is recoverable under 28 U.S.C. §1920.  Accordingly, the Court will award AAA costs in the amount of **$400.00.**

### II.      Attorney's Fees

Calculating an appropriate fee award under federal law involves a two-step process.  *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).  The court first calculates the "lodestar" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate.  *See id.*  The court may then adjust the lodestar upward or downward based on an evaluation of the factors articulated in *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983), that have not been subsumed in the lodestar calculation.  *See id.*; *see also  Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (enumerating factors to be considered).[1]

The twelve factors to be considered in determining the reasonableness of attorney's fees are: (1) the time and labored required; (2) the novelty and difficulty of the question involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of this case; (5) the customary fee; (6)

---

[1]The Eleventh Circuit has adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

whether the fee is fixed or contingent; (7) the time limitations imposed by the client or other circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *See Johnson*, 488 F.2d at 717-19.

The Eleventh Circuit has recognized that "[u]ltimately, the computation of a fee award is necessarily an exercise of judgment[] because 'there is no precise rule or formula for making these determinations.'"  *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001).  The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  *Webb v. Dyer County Bd. of Educ.*, 471 U.S. 234, 242 (1985); *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and support the number of hours worked and the rate sought. *See Hensley*, 461 U.S. at 433.

A.     **Number of Hours**

The record reflects that AAA's counsel worked a total of 34.6 hours on this case. Notably, this case was filed on March 26, 2014.  AAA's counsel spent about 3.4 hours on time exclusively related to pre-suit matters.  The Court will not award attorney's fees associated solely with pre-suit matters.  Accordingly, the billing entries from September 6, 2013, to February 13, 2014, are excluded from the Court's calculation.  This reduces Partner Michael P. McMahon's hours by .8 and Associate Kimberly A. Lopez's hours by 2.6.

The Court will award fees associated with hours incurred from March 5, 2014, through and including May 15, 2014, the last entry related to the review of the Court's final judgment and permanent injunction.

The Court concludes that the amount of time Associate Joshua A. Mize spent researching and drafting AAA's motion for final default judgment and permanent injunction was excessive. The billing entries reflect that Mize spent more than 12 hours on research and drafting. These hours are reduced by 4 hours.

In sum, the Court will award fees associated with a total of 27.2 hours.

**B.     Reasonable Rate**

The record reflects that three attorneys worked on this case: Michael P. McMahon, a Partner with 38 years of experience at an hourly rate of $580.00; Joshua A. Mize, an Associate with 3 years of experience at an hourly rate of $245.00; and Kimberly A. Lopez, an Associate with 5 years of experience at an hourly rate of $273.46. The Court concludes that Mize's and Lopez's rates are reasonable.

McMahon's rate, however, is unreasonable under the circumstances of this case. This case was relatively simple. Defendant never appeared. AAA did not have to engage in extensive litigation; to the contrary, AAA obtained a final default judgment and permanent injunction.

Also, an hourly rate of $580.00 is high in the Tampa market for an intellectual property case that does not involve extensive litigation. However, the Court is mindful of McMahon's 38-years of experience and the fact that AAA could not have anticipated

Defendant's default in this action.  Accordingly, the Court reduces McMahon's rate to $450.00.

### C.    Lodestar Amount

The lodestar amount totals **$8,525.50**.  This amount reflects the following hours and rates: McMahon (8.9 hours x $450.00); Mize (17 hours x $245.00); and Lopez (1.3 hours x $273.46).

It is therefore ORDERED and ADJUDGED that:

1.    Plaintiff's Motion for Attorney's Fees and Costs (Dkt. #16) is granted in part and denied in part.

2.    Plaintiff is entitled to an award of $400.00 in costs and $8,525.50 in reasonable attorney's fees.

3.    The Clerk of Court is directed to enter judgment in Plaintiff's favor and against Defendant in the total amount of **$8,925.50**.

4.    This case shall remain closed.

**DONE** and **ORDERED** in Tampa, Florida on June 19, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2014\14-cv-738-grant-fees.wpd